IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM SHAFFER | ) FILED: MARCH 17, 2009 <br> ) 09CV1656 <br> ) <br> ) JUDGE ST. EVE <br> ) <br> ) MAGISTRATE JUDGE VALDEZ <br> ) BR <br> ) <br> ) <br> ) <br> ) <br> ) JURY TRIAL REQUESTED <br> ) |
| Plaintiff, | |
| v. | |
| THE AMERICAN MEDICAL ASSOCIATION, | |
| Defendant. | |

## COMPLAINT

Plaintiff, William Shaffer, by and through his attorneys, Kinoy, Taren & Geraghty, P.C., complains against Defendant, American Medical Association, as follows:

### PRELIMINARY STATEMENT

This action is brought pursuant to the Family and Medical Leave Act, ("FMLA") by a former employee of the defendant American Medical Association, because of Defendant's termination of plaintiff's employment because of his request for FMLA leave and because of his age, 72.[1]

### VENUE

1. Plaintiff, William Shaffer, is a citizen of the United States residing in DuPage County, Illinois.

---

[1] Concurrent with the filing of this Complaint Plaintiff has filed a charge of age discrimination with the EEOC. Upon the expiration of the 60 day waiting period, plaintiff plans on filing an Amended Complaint adding claims under the Age Discrimination in Employment Act.

2. At all relevant time periods, defendant American Medical Association (referred to herein as "Defendant") was an Illinois not-for-profit corporation, with its Headquarters in Cook County, Illinois.

3. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), as all of the events and omissions giving rise to this claim occurred there, and all defendants may be found in this judicial district.

## JURISDICTION

4. Jurisdiction of this court is invoked pursuant to 29 U.S.C. §2617(a)(2) (FMLA), and 28 U.S.C. §1331.

## FACTS

5. William Shaffer is an "eligible employee" of Defendant, as that term is defined at 29 U.S.C. § 2611(2)(A), as Plaintiff worked for Defendant for at least 12 months, and worked for Defendant for at least 1,250 hours during the previous 12 month period, and required leave from his employment due to a serious medical condition.

6. Defendant is an "employer" as that term is defined at 29 U.S.C.§ 2611(4)(A), as defendant employed 50 or more persons for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year.

7. Plaintiff was entitled to leave under the FMLA because of a serious health condition that required the plaintiff to obtain a surgical knee replacement.

8. Plaintiff worked for Defendant as the Director of the Department of Leadership Communications, acting as the AMA's chief speech writer and supervising a staff of three substantially younger speech writers and support staff.

9. At all times during his employment, Plaintiff performed his job duties competently and to the satisfaction of the defendant. He was never reprimanded or given written warnings throughout his five (5) years of employment. Prior to November 20, 2008 Mr. Shaffer received positive Performance Reviews and was given every reason to believe that his employment at the AMA would be ongoing.

10. On November 20, 2008, plaintiff notified the defendant that he had been scheduled for knee replacement surgery for January 12, 2009. Plaintiff requested leave and asked to be informed about the paperwork necessary to implement short term disability coverage with the AMA.

11. By letter dated November 20, 2008, plaintiff was notified by the administer of defendant's FMLA policy that it had been informed of his request for family/medical leave beginning January 12, 2009 due to a serious health condition that makes him unable to perform the essential functions of his job.

12. On December 4, 2008, in retaliation for his request for leave under the Family and Medical Leave Act, the defendant eliminated the Plaintiff's position and terminated him from employment. Defendant did not terminate three substantially younger, less experienced and less qualified speechwriters that reported to the Plaintiff.

13. As a result of the defendant's action, plaintiff has suffered and will suffer substantial economic loss, including back wages, benefits and lost 401k contributions.

14. The actions of the defendant as set forth herein were willful, wanton and/or taken with reckless disregard for the rights of the plaintiff.

**CLAIM FOR RELIEF**

15. The actions of the defendant interfered with the Plaintiff's attempt to exercise rights under the FMLA and retaliated against plaintiff for attempting to exercise such rights in violation of 29 U.S.C. § 2615.

WHEREFORE, plaintiff prays for the entry of an order:

A. Declaring the defendant is in violation of the FMLA;

B. Grant Plaintiff a trial by jury;

C. Awarding Plaintiff back pay, benefits, and front pay occasioned by defendant's illegal conduct;

D. Awarding Plaintiff liquidated damages double the amounts calculated above;

E. Reinstating Plaintiff to his former position with all rights and seniority provided as if he had not been terminated;

F. Awarding Plaintiff his reasonable attorney's fees and the costs of this action;

G. Such other and further relief as this Court may determine to be reasonable, equitable and just.

Respectfully submitted,

**/s Jeffrey L. Taren**

Jeffrey L. Taren
Kinoy, Taren and Geraghty, P.C.
224 S. Michigan Avenue, Suite 300
Chicago, Illinois 60604
Tel: (312) 663-5210
Fax: (312) 663-6663
Bar I.D. #2796821
ktgtaren@aol.com